IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Exelon Business Services Company, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TIBCO Software Inc.,<br><br>    Defendant. | Civil No. 1:16-cv-4595<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Exelon Business Services Company, LLC ("Plaintiff") alleges as follows:

**INTRODUCTION**

1. This is a declaratory judgment action which seeks the following declarations:

   a. Plaintiff has not infringed any of TIBCO Software Inc.'s ("TIBCO") copyright interests in a plugin called the TIBCO BusinessConnect RosettaNet Protocol ("BC RosettaNet Plugin").

   b. Plaintiff has a valid license, granted by TIBCO, to the BC RosettaNet Plugin.

   c. TIBCO is equitably estopped from asserting that Plaintiff copied, installed, or used the BC RosettaNet Plugin without authorization or demanding licensing or maintenance fees related to the BC RosettaNet Plugin.

2. TIBCO is a software vendor that provides and licenses certain software to Plaintiff. Plaintiff is currently transitioning away from using TIBCO software in favor of software developed by TIBCO's competitors.

1

3. In the context of a diminished and declining relationship between TIBCO and Plaintiff, TIBCO has accused Plaintiff of using a plugin for TIBCO's BusinessConnect software called the BusinessConnect RosettaNet Protocol ("BC RosettaNet Plugin") without authorization. TIBCO has also demanded that, to avoid litigation, Plaintiff must purchase license access rights and maintenance services relating to the BC RosettaNet Plugin totaling almost $1,400,000.

4. RosettaNet is an open standard for computer-to-computer exchange of business documents. The BC RosettaNet Plugin is a plugin to TIBCO's BusinessConnect software that allows BusinessConnect to communicate using the RosettaNet protocol. According to TIBCO, the BC RosettaNet Plugin is a "tool[ ] to let organizations fully integrate their trading partners using RosettaNet standards." TIBCO has never disputed that Plaintiff has had a license to the main BusinessConnect software.

5. Despite the fact that Plaintiff holds a valid license to use the BC RosettaNet Plugin, Plaintiff and its predecessor, Constellation Energy Group, Inc. ("Constellation") do not use and have never used the BC RosettaNet Plugin or the RosettaNet protocol in any fashion whatsoever. Plaintiff has uninstalled the BC RosettaNet Plugin from its servers and has no plans to use the RosettaNet protocol or the BC RosettaNet Plugin in the future.

6. Upon information and belief, the RosettaNet protocol is no longer widely used in the middleware software industry.

7. Upon information and belief, the RosettaNet protocol has not been updated since 2001 and TIBCO has not upgraded the BC RosettaNet Plugin in over seven years.

8. An actual and justiciable controversy exists between Plaintiff and TIBCO.

## NATURE OF THE ACTION

1. This is an action for declaratory judgment under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. Plaintiff seeks a declaration that, pursuant to the copyright laws of the United States, Plaintiff does not infringe any valid copyright owned by TIBCO.

## PARTIES

2. Plaintiff Exelon Business Services Company, LLC, successor in interest to Constellation Energy Group, Inc., is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 10 S. Dearborn Street, Chicago, IL 60680.

3. Defendant TIBCO is a company organized under the laws of the State of Delaware. TIBCO's principal place of business is at 3303 Hillview Avenue, Palo Alto, CA 94304.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the copyright claim pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

5. The Court has supplemental jurisdiction over Counts II and III and the claims are properly joined because they arise out of the same controversy as the copyright claim between Plaintiff and TIBCO in this matter.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because a substantial part of the events giving rise to these claims occurred in this district.

7. This Court has personal jurisdiction over TIBCO, and TIBCO has constitutionally sufficient contacts with the State of Illinois so as to make personal jurisdiction proper in this

Court. TIBCO is now, directly and through its agents and intermediaries, doing business continuously and systematically in this judicial district.

## FACTS

8. Exelon Corporation is the nation's leading competitive energy provider, with approximately $24.9 billion in annual revenues. The Exelon family of companies participates in every stage of the energy business, from generation to competitive energy sales to transmission to delivery. Plaintiff is an affiliate of Exelon Corporation and provides leadership and support services, including information technology solutions, for Exelon Corporation and its family of companies.

9. In March 2012, Exelon Corporation acquired Constellation.

10. TIBCO is a software company that provides integration, analytics, and events processing software for companies to use on-premises or as part of cloud computing environments. As part of its business, TIBCO often licenses its software to large companies like Plaintiff and Constellation.

### A Tale of Two Industry Standard Protocols: EDI and RosettaNet

11. TIBCO licenses certain "middleware" software products to customers; the middleware supports business to business transactions and communications, enabling one company's computer system to communicate with another company's computer system.

12. TIBCO licenses a software package called BusinessConnect. TIBCO provides several plugins for BusinessConnect that allow BusinessConnect to communicate using various protocols. These plugins include the TIBCO BusinessConnect EDI Protocol ("BC EDI Plugin") and the BC RosettaNet Plugin.

13. In the computing and telecommunications contexts, a protocol is the special set of rules that end points in a telecommunication connection use when they communicate. In other

4

words, a protocol is a "language" that computers use to send and receive data between each other.

14. In computing, the word plugin refers to a software component that adds a specific feature to an existing computer program.

15. The RosettaNet protocol is an "open" protocol that defines message guidelines, interfaces for business processes, and implementation frameworks for interactions between companies. Many companies, including some of TIBCO's competitors, develop and sell software that uses the RosettaNet protocol. TIBCO's BC RosettaNet Plugin uses the RosettaNet protocol.

16. Electronic Data Interchange ("EDI") is also an open communication protocol similar to the RosettaNet protocol. TIBCO's BC EDI Plugin allows TIBCO's BusinessConnect software to communicate with the EDI protocol.

17. TIBCO has never disputed that before Exelon Corporation's 2012 acquisition of Constellation, Constellation had license rights to both the BC EDI Plugin and the BC RosettaNet Plugin.

18. On or about May 24, 2002, Constellation Power Source (a Constellation affiliate) and TIBCO entered into a Software License Agreement ("the 2002 Agreement"), a copy of which is attached hereto as Exhibit A, pursuant to which Constellation obtained a license to the BC RosettaNet Plugin and plugins for several other protocols.

19. Despite obtaining the license to the BC RosettaNet Plugin, upon information and belief, Constellation never used the BC RosettaNet Plugin or the RosettaNet protocol generally.

20. On November 22, 2006, Constellation Energy Commodities Group, Inc. and TIBCO entered into Addendum #6 to the 2002 Agreement, adding the BC EDI Plugin, among

5

other products, to the list of licenses to which Constellation had rights, a copy of which is attached as Exhibit B.

21. BC EDI Plugin and BC RosettaNet Plugin are both expressly identified as licenses to which Constellation had rights under the parties' 2002 Agreement, as amended.

**TIBCO's 2010 Assurance That Constellation Need Not Account for Use of Protocol Plugins**

22. In or around 2010, TIBCO and Constellation agreed to restructure the software licenses granted in the 2002 Agreement from "enterprise" licenses to "maintenance" licenses. An enterprise license is a license granted to an entire organization whereas a maintenance license grants licenses on a per-unit basis.

23. In or around October 2010, TIBCO personnel performed an on-site audit at Constellation's offices in Baltimore in connection with the license restructuring.

24. In or around October 2010, TIBCO personnel represented to multiple Constellation employees that TIBCO was not interested in auditing license usage at the protocol level (*i.e.*, whether Constellation was using the BC EDI Plugin, the BC RosettaNet Plugin or any other protocol). Instead, TIBCO represented that it intended to focus on master-level products (i.e., whether Constellation was using BusinessConnect in general). At this time both the BC EDI Plugin and the BC RosettaNet Plugin were installed on Constellation's servers.

25. Furthermore, TIBCO personnel represented to multiple Constellation employees that it was not necessary for Constellation to certify or report its use of plugins like the BC EDI Plugin or the BC RosettaNet Plugin.

26. During the October 2010 TIBCO audit, TIBCO induced Constellation into believing and acting on the assumption that Constellation was not required to account for

6

middleware protocols such as BC EDI Plugin or the BC RosettaNet Plugin in order to claim license rights to them.

27. Despite TIBCO's knowledge that Constellation had both the BC EDI Plugin and the BC RosettaNet Plugin installed on its servers, TIBCO's October 2010 audit results omitted any reference to Constellation's license rights to the plugins, and TIBCO did not report any negative findings whatsoever, including with respect to the BC EDI Plugin and the BC RosettaNet Plugin. TIBCO also did not accuse Constellation of making unauthorized use of any of its software products, nor demand any additional payment.

### In August 2011 TIBCO Confirmed Constellation's Licenses for the BC EDI Plugin and the BC RosettaNet Plugin

28. In August 2011, despite the previous year's license restructuring, TIBCO confirmed in writing to Constellation that Constellation had license rights to both the BC EDI Plugin and the BC RosettaNet Plugin.

29. Again, for purposes of taking an inventory of Constellation's licenses in August 2011, TIBCO treated the BC EDI Plugin and the BC RosettaNet Plugin identically, acknowledging that Constellation had a license to both.

### Constellation's July 2012 Assignment and Transfer of *All* of Its Rights in the 2002 Agreement and TIBCO Licenses to Plaintiff

30. Following Exelon Corporation's March 2012 acquisition of Constellation, Plaintiff initiated a formal assignment and transfer of TIBCO licenses from Constellation to Plaintiff.

31. On July 26, 2012, Plaintiff and TIBCO entered into an Agreement wherein TIBCO consented to Constellation assigning and Plaintiff assuming the licenses TIBCO granted to Constellation under the 2002 Agreement ("the 2012 Assignment Agreement"), a copy of

which is attached to this Complaint as Exhibit C. Plaintiff is an affiliate of Exelon Corporation and successor in interest to Constellation.

32. In the 2012 Assignment Agreement, TIBCO consents to the assignment of "all of Constellation's rights, title and interest in and to the [2002] Agreement to Exelon, as the successor in interest to Constellation, **and** hereby assigns and transfers the TIBCO Software licenses as specified in Exhibit A" to the 2012 Assignment Agreement to Exelon. (Exh. C, paras. 1-4) (Emphasis added).

33. The language of the 2012 Assignment Agreement makes clear that the parties intended for Exhibit A to the Agreement to include the full list of software licenses granted to Constellation in the 2002 Agreement. However, due to an administrative error, Exhibit A to the Assignment Agreement lists only the main BusinessConnect product but omits the BC EDI Plugin and the BC RosettaNet Plugin that were licensed alongside the main BusinessConnect product. Despite the omission of the BC EDI Plugin and the BC RosettaNet Plugin from Exhibit A, the 2012 Assignment Agreement makes clear that TIBCO consented to Constellation assigning **all** of its rights in the 2002 Agreement to Plaintiff.

34. Once again, BC EDI Plugin and BC RosettaNet Plugin are treated identically in the 2012 Assignment Agreement insofar as both are omitted from Exhibit A.

35. Because of TIBCO's 2010 assurances that Constellation need not account for the use of protocol plugins, Plaintiff did not take affirmative steps to amend Exhibit A to the 2012 Assignment Agreement to include the erroneously omitted protocol plugins, including the BC EDI Plugin and BC RosettaNet Plugin.

**TIBCO's 2013 Agreement That It Was An Error to Omit the BC EDI Plugin**

36. In 2013, Plaintiff's employees sought to download an update to the BC EDI Plugin, pursuant to the license granted in the 2002 Agreement and the 2012 Assignment Agreement.

37. Because Exhibit A to the 2012 Assignment Agreement did not explicitly list the BC EDI Plugin, TIBCO asked Exelon Corporation to execute an agreement amending Exhibit A before providing access to the update. For that reason, Exelon Corporation and TIBCO executed an "Order Form" dated July 23, 2013, ("2013 Order Form") that amended Exhibit A to the 2012 Assignment Agreement to include the license to the BC EDI Plugin. Plaintiff made no payment in connection with the 2013 Order Form. The 2013 Order Form acknowledged that "Licensee, through administrative error, neglected to report the deployment of the Licensor Software below" in the 2012 Assignment Agreement. The 2013 Order Form is attached as Exhibit D to this Complaint.

38. TIBCO and Exelon Corporation did not discuss the BC RosettaNet Plugin in connection with the 2013 Order Form because neither Exelon Corporation nor its affiliates, including Plaintiff, had ever used the plugin or sought maintenance for it.

39. In all of the parties' agreements and dealings dating back to 2002, the 2013 Order Form is the first example of TIBCO treating the BC EDI Plugin and the BC RosettaNet Plugin differently in a contractual document. Indeed, nothing in the 2013 Order or the parties' dealings indicated that TIBCO did not intend for Plaintiff to have licenses for both the BC EDI Plugin and the BC RosettaNet Plugin.

**2015 KPMG Audit**

40. In September 2015, TIBCO engaged a third party auditor, KPMG, to perform a software audit of Plaintiff. KPMG delivered an audit report on January 29, 2016 (KPMG Report) alleging that Plaintiff has installed the BCI RosettaNet Plugin.

**TIBCO'S ACTS COMPRISE AN ACTUAL CONTROVERSY**

41. On February 12, 2016, TIBCO sent Exelon Corporation a letter (the "February 12 letter") stating that the 2016 KPMG Report demonstrated that Plaintiff was using "software product not permitted under the terms of the Agreement." The Agreement referenced in this sentence is the 2012 Assignment Agreement.

42. The February 12 letter included an attached TIBCO license compliance invoice and stated that Exelon Corporation's "total liability" with respect to the use of the BC RosettaNet Plugin was $1,345,205. The invoice included a charge for $545,405 in "lapsed maintenance fees" despite the fact that Plaintiff had never requested any maintenance for the BC RosettaNet Plugin and TIBCO had never provided any maintenance for the BC RosettaNet Plugin.

43. The February 12 letter also threatened that if Exelon Corporation did not "resolve this matter commercially in good faith with your TIBCO account team to find a commercial settlement by February 26, 2016" TIBCO would be forced to "raise an invoice for full liability including but not limited to commencing collection proceedings and transferring the compliance file to TIBCO Legal for further action."

44. In addition to the February 12 letter, since KPMG began its audit in September 2015, TIBCO has sent Plaintiff numerous other correspondences, including emails and letters, indicating that Plaintiff's installation of the BC RosettaNet Plugin is unauthorized. Much of this correspondence threatens litigation if Plaintiff does not pay a licensing fee. TIBCO has also imposed urgent deadlines for Plaintiff to pay to settle the seven-figure invoice.

45. In a February 10, 2016 email to various Plaintiff employees, Jhon Kong, Director of TIBCO's License Compliance Program, stated that it was immaterial whether Plaintiff actually used the BC RosettaNet Plugin. In this email Mr. Kong stated that "[w]e also considered the issue of Exelon perhaps not having ever used the RosettaNet Protocol. The issue is a moot one from a licensing standpoint as a license right must exist prior to any installation, and discussions around how much or how little a particular product may have been used unfortunately cannot be entertained."

46. There presently exists a justiciable controversy regarding whether Plaintiff is "liable" for any unauthorized installation, copying or use of TIBCO's BC RosettaNet Plugin.

## COUNT I
## DECLARATORY JUDGMENT OF NO COPYRIGHT INFRINGEMENT

47. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

48. This is a declaratory judgment action under the United Sates Copyright Act of 1976, 17 U.S.C. § 101 *et. seq*. (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation, Plaintiff seeks relief from this Court.

49. Plaintiff is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by TIBCO relating to any RosettaNet product, including the BC RosettaNet Plugin, either directly or by inducing others to infringe or by contributing to infringement by others for the following non-exclusive reasons.

## COUNT II
## DECLARATORY JUDGMENT OF VALID LICENSE

50. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

51. Plaintiff seeks a declaration that it holds, and has held since 2012, a valid license from TIBCO to the BC RosettaNet Plugin.

11

52. Constellation had a license to use the BC RosettaNet Plugin since it entered into the 2002 Agreement with TIBCO. Plaintiff currently has and has had a right to use the BC RosettaNight protocol since 2012, when Constellation assigned all of its rights in the 2002 Agreement to Plaintiff.

53. In addition, Plaintiff never used the RosettaNet protocol or the BC RosettaNet Plugin. Plaintiff also does not intend to use the RosettaNet protocol or the BC RosettaNet Plugin in the future. Further, Plaintiff has uninstalled all traces of the BC RosettaNet Plugin from its servers.

### COUNT III
### DECLARATION OF EQUITABLE ESTOPPEL

54. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

55. Plaintiff seeks a declaration that TIBCO is equitably estopped from asserting that Plaintiff copied, installed, or used the BC RosettaNet Plugin without authorization or demanding licensing or maintenance fees related to the BC RosettaNet Plugin.

56. TIBCO has been aware that Constellation had a right to use the BC RosettaNet Plugin since the 2002 Agreement and that Constellation had installed the BC RosettaNet Plugin on its servers. TIBCO also knew that Constellation assigned Plaintiff its rights in the 2002 Agreement in 2012 and that since 2012 Plaintiff and has maintained a copy of the BC RosettaNet Plugin on its servers.

57. TIBCO assured Constellation during its August 2010 audit that Constellation was not required to account for protocol plugins such as the BC EDI Plugin or the BC RosettaNet Plugin in order to claim license rights to them.

58. TIBCO intended that Constellation would rely on TIBCO's assurances regarding the accounting of the protocol plugins and its employees, and/or TIBCO acted as if Constellation

had a right to believe that TIBCO intended that Constellation would rely on TIBCO's assurances regarding the accounting of the protocol plugins.

59. Plaintiff was ignorant of the fact that TIBCO would later require an accounting of the BC RosettaNet Plugin.

60. Plaintiff relied upon TIBCO's conduct by not deleting copies of the BC RosettaNet Plugin from their servers.

61. Plaintiff has been injured and will continue to be injured by its reliance on TIBCO's conduct.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

(a) An order declaring that Plaintiff did not infringe any valid copyright owned by TIBCO relating to the BC RosettaNet Plugin;

(b) An order declaring that Plaintiff has a valid license to the BC RosettaNet Plugin.

(c) An order declaring that TIBCO is equitably estopped from asserting that Plaintiff copied, installed or used the BC RosettaNet Plugin or that Plaintiff owes licensing or maintenance fees for use or installation of the BC RosettaNet Plugin.

(d) Judgment in its favor against TIBCO on all counts, in an amount to be proven at trial;

(e) An award of punitive damages;

(f) An order awarding attorneys' fees, costs, and expenses incurred with this action to Plaintiff pursuant to 17 U.S.C. § 505 and

    (g)    An order awarding such other and further relief as this court deems just and proper.

Dated: April 22, 2016

    Respectfully submitted,

    */s/ Lynn Rzonca*
    Lynn Rzonca
    (rzoncal@ballardspahr.com)
    SBN 06207592
    Ballard Spahr LLP
    1735 Market Street
    Philadelphia, Pennsylvania 19103
    Telephone: (215) 665-8500
    Fax: (215) 864-8999

    *Attorney for Exelon Business Services Company, LLC*

    Nicole Nocera
    (nicole.nocera@exeloncorp.com)
    SBN 6257254
    Assistant General Counsel, Litigation
    Exelon Business Services Company, LLC
    10 South Dearborn Street, 49th Floor
    Chicago, IL 60603
    Telephone: (312) 394-4045
    Fax: (312) 394-8322

    *Attorney for Exelon Business Services Company, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Exelon Business Services Company, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TIBCO Software Inc., <br><br> Defendant. | Civil No. 1:16-cv-4595 <br><br> **JURY TRIAL DEMANDED** |

## **LOCAL RULE 3.2 IDENTIFICATION OF AFFILIATES**

Pursuant to Local Rule 3.2 of the Northern District of Illinois, Plaintiff Exelon Business Services Company, LLC ("Plaintiff") identifies its sole publicly held affiliate as Exelon Corporation. Plaintiff is a limited liability company and its sole member is Exelon Corporation.

Dated: April 22, 2016

        Respectfully submitted,

        */s/ Lynn Rzonca*
        Lynn Rzonca
        (rzoncal@ballardspahr.com)
        SBN 06207592
        Ballard Spahr LLP
        1735 Market Street
        Philadelphia, Pennsylvania 19103
        Telephone: (215) 665-8500
        Fax: (215) 864-8999

        *Attorney for Exelon Business Services Company, LLC*

        Nicole Nocera
        (nicole.nocera@exeloncorp.com)
        SBN 6257254
        Assistant General Counsel, Litigation
        Exelon Business Services Company, LLC

        10 South Dearborn Street, 49th Floor
        Chicago, IL 60603
        Telephone: (312) 394-4045
        Fax: (312) 394-8322

*Attorney for Exelon Business Services Company, LLC*